UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PERCY A. BRYANT, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2156 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION "J" (2) |
| | | Related to: 12-968 BELO in MDL 2179 |

## REPORT AND RECOMMENDATION

Pending before me is a Motion to Dismiss filed by Defendant Epiq Class Action & Claims Solutions, Inc., seeking dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6). ECF No. 14. Plaintiff Percy Bryant, Jr. filed an Opposition Memorandum, and Epiq filed a Reply Memorandum. ECF Nos. 15, 16. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the parties' submissions and arguments, and the applicable law, the undersigned RECOMMENDS that Epiq's Rule 12(b)(6) Motion to Dismiss be GRANTED, and that Plaintiff be granted leave to amend within 14 days of this Report and Recommendation, for the reasons that follow.

I.   **BACKGROUND**

Plaintiff Percy A. Bryant Jr. filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC") on August 30, 2024, alleging injuries as a result of exposure to oil, dispersants and other harmful chemicals while employed doing Deepwater Horizon cleanup operations from May 2010 through April 2012. ECF Nos. 1; 4, ¶¶ 1, 3. Plaintiff alleges that he has attempted to satisfy all pre-suit conditions by submitting a Notice of Intent to Sue dated July 5, 2024, but Epiq did not process the NOIS, did not advise Plaintiff whether it was

1

valid or defective, and did not send the NOIS to BP so that it could mediate or elect not to mediate the claim, thus making Plaintiff's compliance with the MSA impossible. ECF No. 4, ¶ 22.

## II. **EPIQ'S MOTION TO DISMISS**

In the Amended Complaint, Plaintiff asserts that "[p]ursuant to the MSA, the Court designated Garretson Resolution Group ("GRG"), now known as EPIQ Class Action & Claims Solutions, Inc. ("EPIQ"), as the Claims Administrator." ECF No. 4, ¶ 11. Defendant moves to dismiss the Complaint on the basis that it is not the Claims Administrator, and Plaintiff's assertion that it is the Claims Administrator is incorrect. ECF No. 14-1 at 1-2. Epiq argues that Plaintiff correctly recognizes that the Court appointed The Garretson Firm Resolution Group, Inc. as Claims Administrator but incorrectly asserts that Garretson is now known as Epiq Class Action & Claims Solution, Inc. *Id.* at 3. Attaching records from the websites of the Delaware, Louisiana and Rhode Island Secretaries of State, Epiq argues that it and Garretson are two separate entities and any claim against the Claims Administrator must be filed against The Garretson Resolution Group, Inc. *Id.* at 3-5.

In Opposition, Plaintiff argues that the factual allegations in his Complaint must be accepted as true, and the Court may not go outside of the Complaint. ECF No. 15 at 2-3. Plaintiff argues that Epiq has been acting as Claims Administrator and his factual assertion that Garretson is now known as Epiq is true, citing Epiq's announcement of its acquisition of Garretson and planned integration of same as well as internet search results. *Id.* at 3-4. Further, Plaintiff argues, Epiq and Garretson should be treated as a single business enterprise because they operate as one company, and Epiq has responded to a subpoena and referred to itself as the Claims Administrator in other matters. *Id.* at 4. Plaintiff argues that he should be allowed discovery on the single business enterprise theory before granting dismissal. *Id.* at 5-6. Alternatively, Plaintiff argues that

2

leave is proper under Rules 15 or 17 to substitute The Garretson Resolution Group, Inc. as the defendant. *Id* at 7-9.

In Reply, Epiq repeats its arguments that that The Garretson Resolution Group, Inc., not Epiq, is the Claims Administrator. ECF No. 16. Epiq does not address Plaintiff's alternative argument that he be granted leave to substitute The Garretson Resolution Group, Inc. for Epiq under either Rule 15 or Rule 17.

### III.   LAW AND ANALYSIS

#### A.   Background on the MSA and BELO Claims

The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined in the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA"). *See* 10-md-2179, ECF No. 6427-1, § II(VV). As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator"), who must transmit the notice to BP within ten days. BP then has thirty days to decide whether to mediate the claim. The MSA expressly provides:

> Any BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT *must be filed within 6 months of either*: (a) notice by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER of the election of all BP defendants named in the NOTICE OF INTENT TO SUE not to mediate, or (b) written confirmation by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER and to all BP defendants named in the NOTICE OF INTENT TO SUE that the mediation did not resolve the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S claim as to all BP defendants named in the NOTICE OF INTENT TO SUE.

*Id.* § VIII(G)(1)(b) (emphasis added). The MSA further provides:

> In further consideration of the benefits described and the agreements and covenants contained in this MEDICAL SETTLEMENT AGREEMENT, upon the EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT,

any and all claims of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER relating to, arising from, or as a result of a LATER-MANIFESTED PHYSICAL CONDITION are released and forever discharged as to the RELEASED PARTIES with respect to that particular MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S particular LATER-MANIFESTED PHYSICAL CONDITION if, but only if, one or both of the following conditions occur as to that MEDICAL BENEFITS SETTLEMENT CLASS MEMBER:

. . .

2) That MEDICAL BENEFITS SETTLEMENT CLASS MEMBER who is eligible to file a BACK-END LITIGATION OPTION LAWSUIT fails timely and properly to file such lawsuit for that particular LATER-MANIFESTED PHYSICAL CONDITION, as provided in Section VIII.G.1.b.

*Id.* § XVI(B). In the Order and Judgment Granting Final Approval of Medical Benefits Class Action Settlement and Confirming Certification of the Medical Benefits Settlement Class, Judge Barbier confirmed the appointment of Garretson Resolution Group as the Claims Administrator. 10-md-2179, ECF No. 8218, ¶ 7 at 4.

### B. Standard for Motion to Dismiss

#### 1. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted." The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This procedural mechanism tests the sufficiency of the Complaint; it is not meant to resolve disputed facts or tests the merits of the case: "[T]he issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims. The other side will have its say later." [1] In short, Rule 12 requires the court to assess whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[2]

---

[1] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (internal quotations omitted) (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). As the Supreme Court explained: "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).
[2] *Sewell*, 974 F.3d at 582 (quoting *Iqbal*, 556 U.S. at 678).

4

To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[5]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[6]

The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[7] The complaint must include enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[8]

The court liberally construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's allegations as true, and draws all reasonable inferences in favor of the plaintiff.[9] Although fact questions and ambiguities in the controlling law must be resolved in plaintiff's favor,[10] the court should not accept as true "conclusory allegations, unwarranted factual

---

[3] *Twombly*, 550 U.S. at 557, 570 (citation omitted); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.* (quoting *Twombly*, 550 U.S. at 557).
[6] *Id.* at 679 (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[7] *Iqbal*, 556 U.S. at 678 (citations omitted).
[8] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 555, 559-60, 570).
[9] *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

inferences, or legal conclusions."[11]  And while the Rule 12(b)(6) inquiry typically focuses on whether the plaintiff plausibly alleges the element of a claim, dismissal may also be based on a successful affirmative defense, provided that the affirmative defense appears on the face of the complaint.[12]  The pleading must reveal beyond doubt that the plaintiff can prove no set of facts that would overcome the defense or otherwise entitle him to relief.[13]

### 2. Rule 12(b)(6) Authorizes Consideration of Certain Documents

In ruling on a Rule 12(b)(6) motion, the court may consider not only the allegations in the Complaint but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[14]  In addition, the court may consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[15]  If matters outside the pleadings are presented to and not excluded by the court, the Rule 12(b)(6) motion must be treated as a Rule 56 summary judgment motion.[16]

---

[11] *Degenhardt v. Bintliff*, 117 F.4th 747, 752 (5th Cir. 2024) (brackets in original) (quoting *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024)); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 (citation omitted).

[12] *Am. Precision Ammunition, L.L.C. v. City of Min. Wells*, 90 F.4th 820, 824 (5th Cir. 2024) (quoting *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (quoting *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020))).

[13] *Id.* (citation omitted).

[14] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citation omitted) (recognizing that the court does not convert a Rule 12 motion into a Rule 56 motion by considering evidence attached to the motion, referred to in the complaint, and central to the plaintiff's claim); *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (same); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (same).

[15] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins*, 224 F.3d at 498–99); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727 (5th Cir. 2019).

[16] FED. R. CIV. P. 12(d).

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[17]  Significantly, when an allegation is contradicted by the contents of an allowed document, the document (not the allegation) controls.[18] The court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss.[19]

C. <u>Rule 15 Standard for Amendment</u>

The Court has not yet issued a Scheduling Order establishing a deadline for amending pleadings.  Accordingly, any request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b).[20]  Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[21]  Although leave to

---

[17] *Ferrer*, 484 F.3d at 780 (citation omitted); *Gentilello*, 627 F.3d at 544 (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).  When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins*, 224 F.3d at 498 (citing FED. R. CIV. P. 12(b)(6)).  Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g.*, *Tellabs, Inc.*, 551 U.S. at 322 (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Wolcott*, 635 F.3d at 763 (same).
[18] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940), *cert. denied*, 311 U.S. 685 (1940)) ("If [] an allegation is contradicted by the contents of an exhibit attached to the pleading, then . . . the exhibit and not the allegation controls."); *Thermo Credit, LLC v. Cordia Corp.*, No. 12-1454, 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (Brown, J.) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence).
[19] *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988) (citations omitted).
[20] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("[Federal Rule of Civil Procedure] 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order [and with the judge's consent] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").
[21] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated

amend is not automatic,[22] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[23]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[24] Denial of leave to amend is reviewed for abuse of discretion,[25] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[26]

### D. Rule 17

Under Rule 17(a)(3), the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. FED. R. CIV. P. 17(a)(3). The Fifth Circuit has held that Rule 17(a) is applicable "only when the plaintiff" has committed an "understandable mistake, because the determination of the correct party to bring the action is difficult."[27] Although Rule 17 typically applies in the context of substituting plaintiffs, it also applies to defendants.[28]

---

failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[22] *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991).
[23] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).
[24] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").
[25] *Carroll*, 470 F.3d at 1174 (citation omitted).
[26] *Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[27] *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308-09 (5th Cir. 2001).
[28] *See Green v. Whiteco Hosp. Corp.*, No. 89-2199, 1989 WL 94313, at *1 (E.D. La. Aug. 10, 1989) (citing Rule 17 to amend complaint to substitute correct defendant entity for related entity that ceased to exist).

## IV. ANALYSIS

Initially, the court may consider whether a party is the proper defendant on a Rule 12(b)(6) motion when the answer to that question is reflected in the properly considered documents.[29] The Court may take judicial notice of the terms of the MSA appointing Garretson Resolution Group as the Claims Administrator, and consideration of the MSA does not convert the Rule 12(b)(6) motion into a Rule 56 summary judgment motion.[30] Further, where the allegations in the complaint are contradicted by facts established by documents properly considered, the court may properly disregard the allegations.[31] And while Plaintiff argues that Epiq and Garretson are a "single business enterprise," Plaintiff's Amended Complaint sets forth absolutely no factual basis to support an inference that the entities are a single business enterprise or alter ego of one another.[32] For these reasons, dismissal of Plaintiff's claims against Epiq is proper.

Plaintiff should, however, be granted leave to amend to substitute Garretson Resolution Group as the proper defendant. Rule 15 requires that the Court grant leave to amend absent "substantial reason" to deny amendment. Here, Plaintiff filed suit just over two months ago, and thus has not unduly delayed amendment nor has he demonstrated bad faith or dilatory motive or repeatedly failed to cure deficiencies. Notably, Epiq has not demonstrated (or even addressed) undue prejudice or futility. Accordingly, I cannot find a substantial reason to deny amendment to

---

[29] *See, e.g.*, *McCaskill v. USAA Cas. Ins. Co.*, No. 23-3233, 2023 WL 8650005, at *3 (E.D. La. Dec. 14, 2023) (Africk, J.) (granting Rule 12(b)(6) motion dismissing claims against USAA Casualty Insurance Company when attached policy reflected United Services Automobile Association issued the policy).

[30] Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780, 783 (5th Cir. 2011); *see* FED. R. EVID. 201(b).

[31] *U.S. ex rel. Riley*, 355 F.3d at 377.

[32] Alter ego, veil piercing or single business entity analysis must be conducted under the law of the entity's state of incorporation, and surviving a Rule 12(b)(6) motion alleging same requires factual allegations of total domination or control. *See, e.g.*, *In re Enron Corp. Sec. Derivative & ERISA Litig.*, 238 F. Supp. 3d 799, 839, 898-900 (S.D. Tex. 2017).

allow the substitution of The Garretson Resolution Group as the proper party defendant to Plaintiff's claims against the Claims Administrator.

## V. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss Plaintiff's Complaint (ECF No. 14) filed by Defendant Epiq Class Action & Claims Solutions, Inc. be GRANTED.

**IT IS FURTHER RECOMMENDED** that Plaintiff be granted leave to file a second amended complaint within fourteen days of this Report and Recommendation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[33]

New Orleans, Louisiana, this ___9th___ day of December, 2024.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[33] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).